Hild *v.* Montgomery et al., Appellants.

Argued October 3, 1940; reargued March 24, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

H. A. Heilman, with him Robert D. Noel, Jr., for appellants.

Harry C. Golden, for appellee.

OPINION BY MR. JUSTICE PARKER, May 12, 1941:

This is an action of trespass in which the jury returned a verdict of $500 for plaintiff. The lower court refused a motion of defendant for judgment n. o. v. and granted plaintiff's motion for a new trial on the ground of the inadequacy of the verdict.

The defendants, as partners, operated a garage and an undertaking business in a three-story building in the borough of Kittanning. A part of the second floor was rented to one Williams who there conducted an automobile repair shop. The sole access to the repair shop was by means of a wooden ramp eighty feet in length with a twenty per cent rise and varying in width from eight feet six inches to eight feet ten inches. There were two bends in the ramp, one about ten feet and the other thirty-nine feet from the bottom, but one driving on the ramp would have a clear view of substantially the entire length of the ramp except that the view of a small portion might be momentarily obstructed by three support posts. There were wooden curbs six inches high by four inches broad on each side of the floor.

On the morning of July 30, 1937, the plaintiff left his car at the entrance to the building on the street floor and asked one of defendants' employees to advise Williams to inspect his car. Plaintiff testified that he would not drive the car up to the second floor because he "wouldn't drive a car up that ramp under any consideration; would be afraid." He returned for the car about 4:40 in the afternoon and, without making any attempt to communicate with Williams through the employees in defendants' first floor office, started to walk

up the ramp to the repair shop. When he had ascended about two-thirds of the distance he heard the noise of a car's motor but, thinking it was merely coming in the entrance and going to the first floor, he did not look around immediately. As the noise became louder he looked around and saw the car, driven by one Woods, coming up the ramp then only about two feet behind him. The car collided with the plaintiff and seriously injured him.

The negligence alleged by the plaintiff in his statement of claim was that the defendants maintained "the aforesaid ramp, as a dangerous and unsafe construction, the said ramp being in the possession and control of defendant partners, and defendant partnership, being too narrow in width for safety, when used in the manner hereinbefore set forth, defendants being legally bound to anticipate and foresee the danger and likelihood of such an accident as plaintiff suffered, either by the negligence or lack of judgment, or error of judgment, of a driver of an automobile on said ramp, or arising from the inherently dangerous conditions on said ramp, as hereinbefore set forth."

"A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein": Restatement—Torts, §340. This is the principle stated in *Mitchell v. Geo. A. Sinn, Inc.,* 308 Pa. 1, 6, 161 A. 538, where it was said: "If, because of relationship, appellee entered by invitation, expressed or implied, a more modified rule applies, and her rights are higher than those of a mere licensee. But even so, 'The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks at-

tendant upon the use of the premises, and the owner
or occupant is under no duty to reconstruct or alter
the premises so as to obviate known and obvious dan-
gers:' 45 C. J. 837; *Kapuscianski v. Phila. & R. C. & I.
Co.*, 289 Pa. 388. An owner in possession, or a tenant
as occupier, is not required to have his premises in such
condition that no accident could possibly befall a per-
son entering, nor need the premises be in such condi-
tion when leased."

The plaintiff was familiar with the construction of
the ramp and had the same opportunity as defendants
to foresee what might take place by reason of the width
of the approach and the possibility that two cars, or
a car and a pedestrian, might attempt to use it at the
same time. There was not any complaint or evidence
showing any other defect than the width of the ramp.
The plaintiff had visited the premises that morning and
refused to drive his car to the second floor for the reason
that he did not think it was safe to do so. He knew
of the arrangement by which he could stop at the office
of the defendants and have Williams bring the car to
him. Notwithstanding this situation, he voluntarily
chose to enter the ramp and assume the risk. The duty
of the lessor here to the business invitee of the lessee
is not greater than that owed by the lessee himself to
the invitee. This would seem to bring the case clearly
within the principle stated. We see no reason for ap-
plying the foreseeability rule as a measure of the duty
required of defendants and not applying the same rule
to plaintiff. The principles here involved are not those
that may be invoked by a patron of a public utility such
as a railroad where the patron is seeking the services
of the utility. See Restatement—Torts, §347a.

A serious question is also raised by defendants as to
contributory negligence on the part of plaintiff. The
plaintiff knew the car was approaching as soon as it
entered the ramp, yet he did not look back until the
car was within two feet of him. He so testified. It
is argued with considerable merit that, in view of the

conditions, he should have looked sooner so that he could protect himself within the narrow space left by the car or move ahead of the car. In view of the entire evidence which we have considered with care, we prefer to place our decision on the ground first mentioned.

The order of the court below is reversed and it is directed that judgment be entered for the defendants.

Mr. Justice DREW dissents.