Opinion by
 

 Rhodes, J.,
 

 This is an action in trespass brought by plaintiff to recover damages for personal injuries sustained as the result of a fall in the ladies’ rest room on defendant’s premises. The jury returned a verdict for plaintiff. The court below overruled defendant’s motion for judgment n.o.v. and entered judgment for plaintiff, from which defendant has appealed.
 

 Plaintiff, accompanied by her aunt, after having dinner in defendant’s restaurant, went by elevator to the third floor of defendant’s building to the ladies’ rest room. Plaintiff’s aunt preceded her through the door into a small vestibule which was approximately 4 by 5 feet in dimensions. The main floor of the room was 6 by 12 feet, and was elevated 7% inches above the vestibule floor. Upon the main floor were the wash basins and toilets. At the right-hand side of the vestibule against the wall and the step, but standing on the vestibule floor, was an upright clothes tree or coat rack placed there by the defendant for the convenience of patrons. This was a few feet from the wash basins which were on the same side of the room. The room was illuminated by one electric light over the wash basins.
 

 Plaintiff, in following her aunt, observed that she had stumbled at the step from the vestibule to the main floor of the rest room. Plaintiff then ascended the step without difficulty. In going over to put her coat on the clothes trees which was to the right of the wash basins, she fell onto the vestibule floor from the main floor and sustained injuries.
 

 The negligence alleged by plaintiff was the maintenance of the rest room without adequate lighting, and the existence of a dangerous condition in placing the clothes tree in close proximity to the step and the main floor of the room. Defendant’s position is that it was not negligent, and that plaintiff was guilty of contrib
 
 *35
 
 utory negligence.
 

 The applicable legal principles have been often stated by our courts. It suffices to refer to
 
 Kulka v. Nemirovsky,
 
 314 Pa. 134, 139, 170 A. 261, where it was said that a store owner owed to a business visitor the affirmative duty of keeping his premises reasonably safe, and of giving warning of any failure to maintain them in that condition, and that such a visitor was entitled to rely on the performance of this duty; to
 
 Hild v. Montgomery et al.,
 
 342 Pa. 42, 44, 20 A. 2d 228, which quotes from Restatement of the Law, Torts, §340, as follows: “A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein”; to
 
 Mitchell et ux. v. George A. Sinn, Inc.,
 
 308 Pa. 1, 6, 161 A. 538, which held: “If, because of relationship, appellee entered by invitation, expressed or implied, a more modified rule applies, and her rights are higher than those of a mere licensee. But even so, ‘The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers’: 45 C.J. 837;
 
 Kapuscianski v. Phila. & R. C. & I. Co.,
 
 289 Pa. 388 [137 A. 619].”
 

 We are unable to find in the record any proof of faulty or unsafe construction of defendant’s premises, or that the arrangement of the equipment in the rest room was improper or likely to result in injury to anyone using the rest room and its facilities. It has been frequently held that difference in floor levels in stores
 
 *36
 
 and business places does not constitute negligent construction.
 
 Hixenbaugh et al. v. J. G. McCrory Co.,
 
 145 Pa. Superior Ct. 586, 20 A. 2d 910, 21 A. 2d 242.
 

 Plaintiff admits that the mere placing of the clothes tree on the level different from the level of the main floor of the rest room where the wash basins and toilets were located was not negligence on the part of the defendant, but she contends that the location of the clothes tree on a different level, coupled with inadequate lighting, constituted negligence. Plaintiff’s testimony as to the lighting of the room was that “the lavatory was very dark. There was just one light there.” But the illumination or lack of it did not cause the accident. This is established by plaintiff’s own testimony: “Q. You saw the step and you walked up it? A. Yes, but there was no guard around it. Q. You saw the step — it was an ordinary step about
 
 7%
 
 inches from the level of the floor and you walked up that step? A. Yes, I walked up that step. Q. You were on that level? A. Yes. Q. While on that level you hung your coat on a rack which was on the level of the floor itself; is that right? A. Yes. Q. As you walked towards the rack did you notice where it was resting at the time? A. No, because I was looking for a place to put my coat. I was not looking down on the floor — I was looking up. Q. You were looking up where you wanted to hang your coat, is that correct? A. Yes.” Plaintiff could not assume to be nonexistent that which she had just seen.. Regardless of the degree of darkness in the room, she did not look where she was walking or take any precaution to avoid injury from a condition which was obvious and known to her. The floor in the vestibule was dark colored, while the main floor of the rest room was covered with white tile. In moving about on the latter without looking, she was clearly inattentive to her surroundings.
 

 Plaintiff concedes that upon entering the rest room she had no difficulty as she saw the step from the vestibule to the main floor. It follows that when she was on
 
 *37
 
 the main floor she must have been fully aware of the elevation which she had just ascended, and her injuries could have resulted only from her failure to observe where she was walking, or to proceed with caution when she went toward the clothes tree. Of course she does not say that she could not have seen the floor and the step if she had looked. We can arrive at no other conclusion than that, under the circumstances, it was her duty to look at the floor where she was walking or use her faculties to avoid the step, the presence of which was known to her, and which would have been observed by her in the exercise of ordinary care.
 

 In
 
 Wessner v. Blue Ridge Transportation Co. et al.
 
 338 Pa. 161, 12 A. 2d 559, the toilet compartments in the rest room of defendant’s terminal were built upon a platform about 6 inches higher than the main floor. Wife plaintiff, during a stop of her bus at the terminal, entered the rest room and stepped up into the compartment. When she was ready to leave she pushed the door fully open and at the same time stepped forward without looking, in consequence of which her foot slid over the edge of the platform and she fell. It was held that the accident was caused solely by her own negligence.
 

 Plaintiff cites
 
 Cathcart v. Sears, Roebuck & Co.,
 
 120 Pa. Superior Ct. 531, 183 A. 113, in support of her contentions. The circumstances in that case were entirely different from those in the instant case. Plaintiff, while it was still daylight, entered defendant’s store by means of a wooden bridge or passageway which ran over a railroad track and the roof of a building and connected a parking lot with the store. When plaintiff left the store two hours later it was dark, and at the time other people were using the passageway, some going in and some coming out of the store. She did what many other customers of the defendant were doing, and we could not say that her conduct was not that of a reasonably prudent person. We held (p. 535) that “the plaintiff was justified in assuming that the passageway was safe
 
 *38
 
 and passable for the purpose offered to its customers by the defendant. Others were using it at the time of the accident in going in and coming out of defendant’s store. The plaintiff was entitled to assume that defendant had performed its duty to those so invited to enter and leave its store by this passageway.......The absence of a light in this passageway was an assurance of safety. The question, whether the defendant was negligent in failing to provide a light at the stairs on the passageway for customers using ordinary care in proceeding thereon, was for the jury.”
 

 In the instant case there is no testimony that there was anything deceptive about the arrangement of the rest room which might have misled plaintiff. Plaintiff testified: “Q. This clothes rack about which you speak is not on the level where the wash basins are, but is on the level ,of the floor on which you first walked as you came there? In other words the first thing you reach as you come in the door would be the clothes rack? A. Yes, it was behind the door. Q. It was the first thing before you walked up on the step? A. Yes.” Nor does she testify that she could not see about her because of the absence of sufficient light. Had she not been unmindful where she was walking after safely reaching the main floor of the rest room the accident with her resulting injuries would not have occurred. In our judgment the case before us on all the established facts and circumstances contains no question which should have been left to the jury. See
 
 Hellriegel v. Kaufmann & Baer Co.,
 
 337 Pa. 149, 154, 9 A. 2d 370.
 

 The assignments of error are sustained.
 

 Judgment is reversed, and is here entered for defendant.