Kubacki *v.* Citizens Water Company of Washington, Appellant.

Argued March 20, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused May 29, 1961.

*Francis H. Patrono,* with him *Patrono and Edwards,* for appellant.

*Adolph L. Zeman,* with him *Robert L. Zeman,* and *Zeman & Zeman,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 17, 1961:

This is an appeal from the judgment of the Court of Common Pleas of Washington County entered after denial of defendant's motions for judgment n.o.v. and new trial.

The jury had returned verdicts in favor of plaintiff, Rose Kubacki, Administratrix of the Estate of Andrew A. Kubacki, against defendant, The Citizens Water Company of Washington, Pennsylvania.

We have viewed the evidence in the light most favorable to the plaintiff verdict winner, *Geiger v. Schneyer,* 398 Pa. 69, 157 A. 2d 56 (1959), and are convinced that the court below should have granted defendant's motion for judgment n.o.v.

On October 22, 1957, the decedent, Andrew A. Kubacki, in possession of a license authorizing him to fish in the defendant's Canonsburg Water Dam No. 2, was found dead on the crusted area of a mud flat at the eastern section of that site. A lengthy drought in the summer of 1957 had reduced the water in the eastern section of the reservoir. by two-thirds and the muddy lake bottom, exposed to the sun and wind, became dry and baked to a crust with soft mud underneath. Cracks appeared on the crust, however, and revealed the blue semi-liquid below. Decedent, wearing his fishing boots but leaving his fishing equipment in his automobile, entered the lake bed near the road where he had left his car with the motor running. His foot tracks showed that he walked about 125 to 150 feet east, along the water's edge, and then turned north and walked fifteen to twenty-five feet away from the water's edge. At this point he broke through the crust and could not extricate himself. No one saw him getting into this difficulty and when his body was discovered he was on his back, one leg on top of the crust, having been pulled out of his fishing boot and the other leg remaining in its boot which was stuck in the mud. While there was a conflict as to the cause of death there was sufficient evidence to substantiate the plaintiff's theory that death was caused by a cerebral hemorrhage precipitated by the fright and emotional distress arising from being bemired. The gravamen of plaintiff's complaint is that defendant breached its duty to the decedent, a business visitor [1], by its failure to warn him of the peril incident to walking on the encrusted quagmire. We do not feel, under these

--------

[1] Although the record indicates that decedent may have had the license issued to him without charge, we have, for the purposes of this decision, considered the decedent to be a business visitor rather than a gratuitous licensee.

particular circumstances, that defendant owed such a duty to decedent.

The duty owed by a possessor of land to a business visitor is clearly and succinctly set forth in section 343 of the Restatement, Torts:

"§343  DANGEROUS CONDITIONS KNOWN TO OR DISCOVERABLE BY POSSESSOR.

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) *has no reason to believe that they will discover the condition or realize the risk involved therein,* and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility." (Emphasis supplied)

The above is an accurate statement of the law of this Commonwealth. See *Brewster v. Morrone,* 395 Pa. 642, 151 A. 2d 607 (1959); *McCreery v. Westmoreland Farm Bureau Co-operative Association,* 357 Pa. 567, 55 A. 2d 399 (1947).

The evidence which plaintiff introduced to show the discoverable nature of the "dangerous condition" also establishes that the condition was so apparent that the defendant had good reason to believe that any fisherman would discover the danger incident to walking on the encrusted area. In addition to the fact that a patron is required to observe those conditions which are inherent in the nature of the premises, the obvious presence of semi-liquid blue mud below the cracked

crust would, or should have, put such an individual on notice of the condition.

Comment e to Section 343 of the Restatement, Torts, "Preparation required for business visitor," also has direct bearing on this case. That comment reads in part: "In determining the extent of preparation which a business visitor is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance." Decedent entered the defendant's premises to fish. He entered upon property replete with the dangers and uncertainties of land in an unimproved state. We cannot say that he expected or was entitled to receive the extent of preparation normally associated with improved property for it was the natural and unimproved state of the land that made the property attractive and beneficial to both fish and fisherman.

Judgment reversed.