Moyer, Appellant, *v.* Ford Motor Company.

Argued March 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Robert B. Surrick,* for appelllant.

*Ernest L. Green, Jr.,* with him *Butler, Beatty, Greer & Johnson,* for appellee.

Opinion by Hoffman, J., April 15, 1965:

Appellant, Earl R. Moyer, instituted a suit in assumpsit against appellee, Ford Motor Company, charging that appellee's negligent assembly of appellant's automobile constituted a breach of warranty, resulting in personal injuries and property damage to the appellant. The jury returned a verdict in favor of appellant in the sum of $2129.25. Appellee filed motions for a new trial and for judgment n.o.v. After argument before the court en banc, judgment n.o.v. was entered in favor of the appellee. This appeal followed.

It is well established that in granting a judgment n.o.v., the evidence must be considered in the light most favorable to the verdict winner. *Rogers v. Binkham,* 200 Pa. Superior Ct. 312, 315, 188 A. 2d 821, 822 (1963). Moreover, the court must seek out and consider only that testimony which supports the verdict. *Ksiazek v. Pelle,* 174 Pa. Superior Ct. 304, 306-307, 101 A. 2d 428, 429 (1953); *Johnston v. Dick,* 401 Pa. 637, 639, 165 A. 2d 634, 635 (1960). Judgment n.o.v. may be entered, however, where sufficient proof was not adduced at trial to justify the submission to the jury of each factual question. *Kuhns v. Brugger,* 390 Pa. 331, 336, 135 A. 2d 395, 399 (1957); *Ashcraft v. C. G. Hussey and Company,* 359 Pa. 129, 134, 58 A. 2d 170, 173 (1948); *Johnston v. Dick,* supra, p. 639. The question in this case is whether insufficient evidence of breach of warranty was adduced at trial, warranting the entry of judgment n.o.v. by the court en banc.

Appellant testified that he had purchased a new Ford automobile from one of appellee's authorized dealers on May 2, 1960. He further stated that he was driving the automobile on July 18, 1960, when it suddenly veered out of control and crashed, in spite of his efforts to turn the steering wheel.

To explain the cause of the accident and to fix responsibility, Robert Battaglini, an automobile mechan-

ic, testified as an automotive expert on appellant's behalf. Battaglini had neither seen nor examined the damaged automobile. Nonetheless, in answer to a hypothetical question[1] based on appellant's testimony, Battaglini opined, in a rather confused series of statements, that the accident was caused by a "locked" or "frozen" wheel. He further testified that there were several possible causes of a locked wheel on a 1960 Ford. Such locking might be attributed to improper lubrication or improper adjustment of wheel bearings. When asked if lubrication would be a matter of factory maintenance, Battaglini replied, "I would assume so." A similar question with respect to the adjustment of wheel bearings elicited, "It would not be anything a man buying a new car would look for himself."

Appellee then produced two expert witnesses, one of whom had disassembled the damaged automobile, who stated that in their opinion the wheel had not frozen or locked. One of these witnesses also suggested that if appellant had run the automobile against the curb, the friction of the tire against the curb could cause the movement to the left.

In the instant case, appellant attempted to establish appellee's breach of warranty solely through the testimony of Robert Battaglini. We agree with the court en banc that this testimony was insufficient and warranted the entry of judgment n.o.v.

---

[1] The question was:

"Assuming that on this date the car went to the left, struck the curb and assuming that, after strike—the curb the car bounced off the curb and went a certain distance and then went to the left again, striking the curb, then jumping over the curb, and assuming that the driver of the automobile attempted to turn to the right in order to correct the movement to the left but the steering wheel would not respond to his efforts and his hands went around the wheel, do you have any opinion as to the cause of the vehicle going to the left?"

A plaintiff must support his burden by factual proof from which the jury can find either directly or inferentially what he seeks to prove. Unless the plaintiff produces some evidence to substantiate his assumptions, "any inference drawn therefrom by plaintiff's witnesses is worthless as evidence, and is at the most a mere guess or conjecture." *Rennekamp v. Blair,* 375 Pa. 620, 626, 101 A. 2d 669, 672-673 (1954); *Clark v. Pennsylvania Power and Light Company,* 336 Pa. 75, 79, 6 A. 2d 892, 894 (1939). *"To prove a possibility only, or to leave the issue to surmise or conjecture, is never sufficient to sustain a verdict."* (Emphasis supplied) *Rennekamp v. Blair,* supra, p. 627. "Opinion evidence can have probative value, if at all, only where there is testimony sufficient to support findings by the jury of the facts assumed by the expert as the predicate of his opinion." *Rennekamp v. Blair,* supra, p. 628.

Moreover, an expert who offers his opinion must testify with some definiteness about the causes of an accident. The expert must assert that it is his professional opinion that the result in question *actually came,* not might have come, from the cause alleged. *Smail v. Flock,* 407 Pa. 148, 152-153, 180 A. 2d 59, 61 (1962); *McCrosson v. Philadelphia Rapid Transit Co.,* 283 Pa. 492, 495, 129 A. 568, 569 (1925); *DiFazio v. J. G. Brill Company,* 133 Pa. Superior Ct. 576, 581, 3 A. 2d 216, 218 (1938).

In light of the foregoing principles, the insufficiency of appellant's case becomes readily apparent. Appellant's expert had neither seen nor examined the damaged automobile. No factual evidence was presented by appellant to prove that the wheel of the automobile did, in fact, lock or freeze. Rather, Battaglini simply assumed that the reason for the accident was a locked or frozen wheel, disregarding all other possibilities. He was then permitted to speculate even further that the cause of this freezing was either improper lubrication or improper adjustment.

In addition, appellant's expert witness was never able to state, with the definiteness required of an expert, his opinion as to the actual cause of this accident. He could, at best, only enumerate those factors which could conceivably cause a locked wheel on a 1960 Ford automobile. He could only assume that omissions in lubrication or wheel adjustments were the responsibility of appellee's factory.

Thus, the testimony of appellant's expert witness emerges as no more than a series of assumptions, one gingerly balancing atop the other, resting on no solid foundation of fact. In such circumstances, the court en banc was well justified in entering judgment n.o.v. on the basis that appellant had failed to adduce sufficient proof at trial to justify the submission of this case to the jury.

Judgment affirmed.