Winkler et vir *v.* Seven Springs
Farm, Inc., Appellant.

Argued November 21, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Chester S. Fossee,* with him *Murovich, Reale & Fossee,* for appellant.

*Alexander Ogle,* with him *C. Joseph Recht,* for appellees.

OPINION BY JACOBS, J., June 28, 1976:

Mrs. Winkler, plaintiff below, sustained personal injuries as a result of a fall out a screen door on appellant's premises. Appellant Seven Springs Farm, Inc., argues to this Court that its motion *non obstante veredicto* should have been granted because the plaintiff failed to show that any negligence on the part of appellant caused her fall. We agree that appellant should not be held liable for Mrs. Winkler's injuries.

In considering a motion for judgment n.o.v., the

evidence, together with all reasonable inferences capable of being drawn therefrom, must be viewed in the light most favorable to the verdict winner. *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973). The court must find and consider only that evidence which supports the verdict, and all conflicts must be resolved in favor of the prevailing party. *Moyer v. Ford Motor Co.*, 205 Pa. Superior Ct. 384, 209 A.2d 43, *allocatur refused*, 205 Pa. Superior Ct. *xxxvii* (1965). Where the evidence in the case is insufficient to sustain the verdict against the losing party, however, judgment will be entered for the appellant despite the verdict to the contrary. *Kolb v. Hess*, 227 Pa. Superior Ct. 603, 323 A.2d 217, *allocatur refused*, 227 Pa. Superior Ct. *xxvi* (1974); *Eldridge v. Melcher*, 226 Pa. Superior Ct. 381, 313 A.2d 750, *allocatur refused*, 226 Pa. Superior Ct. *xxx* (1973); *Moyer v. Ford Motor Co.*, supra. In the present case, therefore, this Court must consider whether the evidence, reviewed in the light of these principles, can in any way support a finding of liability against the appellant.

Seven Springs Farm is a mountain resort which operates, among other facilities, ten chalets for its guests. On August 25, 1971, Mrs. Winkler, a woman 62 years of age, together with four other ladies, arrived at Seven Springs intending to rent one of the chalets for a short holiday. Because the prior guests had not yet moved out, the ladies sat outside while the departing guests and appellant's employees who were cleaning the unit went in and out attending to their tasks. During this time no one experienced any difficulty with the front screen door which was in constant use. When Mrs. Winkler moved in with her party, she herself used the door without difficulty. A problem was first encountered when one member of the group, Mrs. Rosenberg, sought to leave. Although another lady had exited without incident only moments before, Mrs. Rosenberg was heard to swear at the screen door, complaining that it was stuck. She exited safely, however, and shortly thereafter Mrs. Winkler tried the screen door, finding it stuck. She

pushed the screen door a number of times with her hand but it could not be moved, so putting her elbow against it she put her strength into another push and the screen door opened. Mrs. Winkler lost her balance as the screen door opened and fell out onto the step outside, breaking her ankle. Testimony further revealed that the chalet had been built about ten years earlier of a rustic wood construction and it had two exits. The exit where the accident occurred had a step between the screen door, which opened out, and the ground. It was also stated that it had rained earlier in the day on the date of the accident.

Appellee attempted to establish appellant's liability by proving negligence in allowing the screen door to become sticky and in failing to construct a platform immediately outside the door. Appellee agrees that a recovery based simply on the failure to provide a platform cannot be sustained, unless negligence can first be shown in respect to the sticky screen door. *Zlates v. Nasim*, 340 Pa. 157, 16 A.2d 381 (1940).[1] We are not persuaded that the evidence presented at trial in any way supports the jury's conclusion that appellant was negligent or that Mrs. Winkler was injured as a result of any breach of duty toward her.

The duty owed by a possessor of land to its business invitees is set out in Restatement (Second) of Torts §343 (1965): "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect

---

1. The trial court instructed the jury that it could not find appellant liable solely because of the absence of a platform, since the lack of a platform could only be a contributing cause of a fall set in motion by a sticking door. Appellee approved of this instruction.

themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."[2] This section has been cited with approval in numerous Pennsylvania cases. *See, e.g., Palenscar v. Michael J. Bobb, Inc.*, 439 Pa. 101, 266 A.2d 478 (1970); *Kubacki v. Citizens Water Co.*, 403 Pa. 472, 170 A.2d 349 (1961); *Paul v. Hess Bros.*, 226 Pa. Superior Ct. 92, 312 A.2d 65 (1973).

In order to find the defendant liable for her injuries, plaintiff must show that the defendant either knew or, by the exercise of reasonable care, should have known that the screen door in her chalet was sticking and was likely to cause her harm. A number of principles of law are applicable to the plaintiff's proof of this hypothesis. A possessor of land is not an insurer of his business invitees, and plaintiff's evidence must establish some degree of negligence on defendant's part in order to recover. *Sloss v. Greenberger*, 396 Pa. 353, 152 A.2d 910 (1959); *Miller v. Hickey*, 368 Pa. 317, 81 A.2d 910 (1951). Furthermore, a jury cannot be permitted to return a verdict based on speculation and not supported by adequate evidence or reasonable inferences. "We have

---

2. The liability of a possessor of land as expressed in this section is limited by the following section of the Restatement (Second) of Torts §343A (1965): "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Appellant has argued that if Seven Springs was to be expected to perceive the screen door as a threat to the safety of its guests, so much more so would Mrs. Winkler, who had the first hand experience of using the door and observing others use it at and around the time of her accident, be expected to note the obvious danger and take precautions. *Palenscar v. Michael J. Bobb, Inc.*, 439 Pa. 101, 266 A.2d 478 (1970); *Hild v. Montgomery*, 342 Pa. 42, 20 A.2d 228 (1941); *Macalady v. Whelan Drug Co.*, 179 Pa. Superior Ct. 563, 117 A.2d 811 (1955); *Strawhacker v. Stephen F. Whitman & Son*, 147 Pa. Superior Ct. 33, 23 A.2d 349 (1941). Because we believe the case can be decided on the issue of the appellant's negligence, we will not discuss this argument.

said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based." *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 138, 153 A.2d 477, 479 (1959). Circumstantial evidence is adequate to prove the plaintiff's case and "[i]t is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability ..." *id.* at 138, 153 A.2d at 480, however, the mere happening of an accident is no evidence of negligence and does not raise a presumption of negligence. *Amon v. Shemaka*, 419 Pa. 314, 214 A.2d 238 (1965).

It is apparent from the facts of record that the appellee-plaintiff failed to produce any evidence upon which a trier of fact could conclude that appellant somehow breached its duty to Mrs. Winkler. Rather than showing the appellant had knowledge that the screen door represented an unreasonable risk of harm, appellee showed that appellant could not possibly have such knowledge: appellant's employees had been using that door while cleaning the chalet without any difficulty only moments before Mrs. Winkler's fall. Moreover, there was no showing that the allegedly dangerous condition of the door could or should have been discovered by a proper or reasonable inspection. From all the evidence it appeared the door had been working perfectly when it suddenly became stuck. No evidence whatsoever was introduced to show that the stickiness was caused by some discoverable condition or structural defect of which the appellant could have been aware had it performed an inspection. *Greco v. 7-Up Bottling Co.*, 401 Pa. 434, 165 A.2d 5 (1960); *Crotty v. Reading Industries, Inc.*, 237 Pa. Superior Ct. 1, 345 A.2d 259 (1975); *Murphy v. Bargain City, U.S.A., Inc.*, 203 Pa. Superior Ct. 406, 201 A.2d 299 (1964); *Blasi v. Bonnert*, 186 Pa. Superior Ct. 179, 142 A.2d 752 (1958). Because no evidence was submitted to show that the door was in any way defective or that it had ever stuck prior to Mrs. Rosenberg's and Mrs.

Winkler's use of it, we cannot say that the condition of the door would support an inference of negligence on the part of appellant.

Nor is this a case where the concept of res ipsa loquitur, as defined in the Restatement (Second) of Torts §328D (1965),[3] can be applied to raise the inference that the accident was the result of appellant's negligence. We are not persuaded that a sticking screen door is the type of event contemplated by the Restatement as being of a kind which ordinarily does not occur in the absence of negligence.[4] Common human experience suggests numerous explanations for a sticking door, many of which do not involve negligence. Furthermore, no attempt was made by the appellee to eliminate the possibility of responsible causes other than the negligence of the appellant. *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974). The totality of these circumstances cannot be viewed to raise an inference of negligence, and as it is still the plaintiff's burden to advance some evidence to support her claim, we find no support for the jury's result in this case. *Paul v. Hess Bros.*, supra.

In an attempt to justify the jury's conclusion, appellee and the lower court maintain that evidence of a latent defect in the door which could have been discovered by a

---

3. Restatement (Second) of Torts §328D (1965) titled "Res Ipsa Loquitur" provides: "(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff. (2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn. (3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached."

4. Restatement (Second) of Torts §328D, Comments *c - e* (1965).

reasonable inspection was presented. This evidence is said to be found in the testimony that the door was made of treated, unpainted wood and that it had rained earlier that day. From this, it is contended, a reasonable person could deduce that the door frame had swollen in the humidity and jammed the door shut. That such a condition was present and likely to occur at any time, and that it represented an unreasonable risk of harm, should have been obvious to the entity which constructed the building ten years before, and was obligated to inspect it. We do not find the logical foundation for this tenuously structured argument sufficient to support the verdict. The fact that the door was operating freely moments before it suddenly became tightly jammed negates the possibility that a structure susceptible to moisture caused the condition. Nor do we believe it can be inferred from this evidence that the lumber used to construct the building may have been inadequately cured ten years before and was still shrinking.

The appellee-plaintiff in the present case failed to prove more than the mere happening of an accident while she was a business visitor on appellant's premises. The conclusion that appellant was negligent toward her could only be based on speculation unsupported by evidence. *Miller v. Hickey,* supra; *Zlates v. Nasim,* supra; *Donovan v. Philadelphia Parking Authority,* 196 Pa. Superior Ct. 90, 173 A.2d 667 (1961); *Macalady v. Whelan Drug Co.,* 179 Pa. Superior Ct. 563, 117 A.2d 811 (1955); *Strawhacker v. Stephen F. Whitman & Son,* 147 Pa. Superior Ct. 33, 23 A.2d 349 (1941).

Judgment reversed.