J-E01008-15

2015 PA Super 217

| | |
|---|---|
| TRACY TRUAX, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TANYA P. ROULHAC, WILDWOOD 115, INC. AND SILVIO VITIELLO, | |
| Appellees | No. 1797 EDA 2013 |

Appeal from the Order Entered June 12, 2013
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 9958 Civil 2010

BEFORE: BOWES, J., DONOHUE, J., SHOGAN, J., LAZARUS, J., MUNDY, J., OLSON, J., WECHT, J., STABILE, J., and JENKINS, J.

DISSENTING OPINION BY JENKINS, J.:          **FILED OCTOBER 07, 2015**

Because I conclude that the trial court properly granted summary judgment, I respectfully dissent from the learned majority.

"To establish a viable cause of action in negligence the pleader must aver in his complaint [1] a duty, [2] a breach of that duty, [3] a causal relationship between the breach and the resulting injury, [4] and actual loss." ***Unglo v. Zubik***, 29 A.3d 810, 813 (Pa.Super.2011) (internal quotations omitted). It is axiomatic that "[t]he existence of a duty is a question of law for the court to decide." ***R.W. v. Manzek***, 888 A.2d 740, 746 (Pa.2005). Moreover, "negligence cannot be found where the law does not impose a duty." ***Sprenkel v. Consol. Rail Corp.***, 666 A.2d 1099, 1102 (Pa.Super.1995).

"The standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee." ***Gutteridge v. A.P. Green Servs., Inc.***, 804 A.2d 643, 655 (Pa.Super.2002). Pennsylvania law defines "business invitee" as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land." ***Gutteridge***, 804 A.2d at 655-56 (quoting ***Updyke v. BP Oil Co.,*** 717 A.2d 546, 549 (Pa.Super.1998)).

This Court has summarized the general duty of care a landowner owes to a business invitee as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

***Gutteridge***, 804 A.2d at 656. However, this Court and our Supreme Court have long held that possessors of land need not act as the insurers of their patrons' safety, and must only take reasonable measures to control the conduct of third parties. ***See Moran v. Valley Forge Drive-In Theater Inc.,*** 246 A.2d 875, 878 (Pa.1968); ***see also Winkler v. Seven Springs Farm, Inc.,*** 359 A.2d 440, 442 (Pa.Super.1976), *aff'd*, 384 A.2d 241

(Pa.1978) ("A possessor of land is not an insurer of his business invitees, and plaintiff's evidence must establish some degree of negligence on defendant's part in order to recover.").

No reported Pennsylvania case has held a possessor of land negligent for failing to erect safety measures such as vertical bollards in addition to horizontal concrete wheel stops to prevent injury from out-of-control vehicles. Other courts have ruled on the issue. An Illinois court found liability for failure to install vertical concrete poles in a store sidewalk because this failure was contrary to the custom and practice of the local building industry.[1] A Florida court also found liability where a store had a five-inch curb and no other barriers where the defendant had knowledge of prior incidents at the store.[2] However, courts in Indiana,[3] Alabama,[4] Florida,[5] and Louisiana[6] all found no liability where unforeseeable curb-jump

_____

[1] *See Marshall v. Burger King Corp.*, 856 N.E.2d 1048 (Ill.2006).

[2] *See Grissett v. Circle K Corp. of Texas*, 593 So.2d 291 (Fla.Dist.Ct.App.1992).

[3] *Fawley v. Martin's Supermarket, Inc.*, 618 N.E.2d 10 (Ind.App.1993) (driver losing control of automobile not sufficiently foreseeable where store had sidewalk with three-inch curb barrier).

[4] *Albert v. Hsu*, 602 So.2d 895 (Ala.1992) (where restaurant had six-inch curb and wooden barriers, foreseeability of vehicle jumping curb too remote to create duty).

[5] *Molinares v. El Centro Gallego, Inc.*, 545 So.2d 387 (Fla.Dist.Ct.App.1989) (no liability where restaurant had sidewalk with 2.5-inch curb and no other barrier).

accidents occurred at locations with small curbs and no additional safety measures and the defendants had no notice of previous similar accidents.

The instant matter involves an unforeseeable, random act caused by a third party's negligence and/or criminal acts. Requiring Appellees to have predicted this accident and go beyond their installed safety measures, which no Pennsylvania case has ever found to be unreasonable under similar circumstances, would force them to become insurers of their invitees' safety. Pennsylvania law does not require this.[7] **See Moran**, **supra**; **Winkler**, **supra**.

_(Footnote Continued)_ _____

[6] **Mims v. Bradford**, 503 So.2d 1083 (La.App.1987) (no liability where store had sidewalk with 4.5-inch curb and no other barrier).

[7] Appellant's reliance on **Pushnik v. Winky's Drive-In Restaurants, Inc.**, 363 A.2d 1291 (Pa.Super.1976), **Noon v. Knavel**, 339 A.2d 545 (Pa.Super.1975), and **Amabile v. Auto Kleen Car Wash**, 376 A.2d 247 (Pa.Super.1977), to suggest that the absence of measures such as vertical bollards represents negligence is misplaced. These cases are distinguishable because they involved no safety precautions whatsoever, foreseeable accidents, or both. As such, these cases do not advance Appellant's arguments.

**Pushnik** involved a car accidentally driving through a glass enclosure between a parking lot and the interior of a restaurant. Cars parked directly in front of the glass, and there was no barrier erected to prevent a vehicle from entering the restaurant through the glass. The driver's foot slipped from the brake to the accelerator, catapulting the vehicle through the glass and injuring the plaintiff. Additionally, the restaurant had notice of two similar past accidents. The court found negligence because the restaurant had failed to erect any safety barriers whatsoever to prevent such an accident.

_(Footnote Continued Next Page)_

I conclude this matter was proper for determination on summary judgment, as no genuine issue of material fact as to causation existed. Appellant's status as a business invitee, the details of the accident, the absence of a history of prior accidents, and the Appellant's injuries were all obvious and undisputed. That the parking lot's safety measures consisted of only horizontal concrete barriers, and not the additional safety measures suggested by Appellant, was likewise undisputed. The remaining question, therefore, was a question of law, to wit: whether Appellees were negligent for not erecting further safety measures in the parking lot.

Each side presented experts who testified about safety measures. The testimony of these witnesses goes to the ultimate question of law, not the question of fact as to what safety measures were actually in place at the time of Appellant's injury.

No issues of material fact existed in this case and the trial court decided the motions for summary judgment based on existing Pennsylvania

*(Footnote Continued)* —————————

**Noon** involved an accident wherein a vehicle with non-functioning brakes slammed into a phone booth located on a corner where such an accident was foreseeable. No safety precautions had been set up to protect the phone booth. The court found negligence on behalf of the phone booth owner.

**Amabile** involved a plaintiff struck while drying his vehicle's back window near the vacuum machines at a car wash parking area after having washed his car. A vehicle operated by another patron lost its brakes and struck plaintiff. This case involved no safety precautions. Summary judgment was inappropriate because a material fact as to the safety of the vacuums' location existed.

law, which entitled Appellees to judgment as a matter of law. Therefore, the trial court did not err in ruling in Appellees' favor.

Accordingly, I would affirm the trial court's order.