406 A.2d 1142

**Methislaus SZUMSKI**

v.

**LEHMAN HOMES, INC., Appellant,**

v.

**Andrew J. MIROSLAU and Connie M. Miroslau, his wife.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided June 29, 1979.

Petition for Allowance of Appeal Denied Oct. 22, 1979.

480

Joseph J. Musto, Wilkes-Barre, for appellant.

Joseph V. Kasper, Wilkes-Barre, for appellee Methislaus Szumski.

Joseph F. Iracki, Wilkes-Barre, for appellees Andrew J. Miroslau et ux.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Methislaus Szumski was injured when he fell from a temporary platform used to achieve passage to and from the front door of a dwelling house then under construction. At the time of the fall, Szumski and his son were doing the electrical and plumbing work pursuant to a contract with the owners, Andrew J. and Connie Miroslau. Szumski filed an action in trespass against Lehman Homes, Inc., another contractor who had put the temporary platform in place. Lehman Homes caused the owners to be joined as additional

defendants. A jury trial produced a verdict in favor of Szumski for $30,000 against Lehman Homes alone. Post trial motions were denied, and Lehman Homes appealed from the judgment entered on the verdict.

In reviewing the trial court's denial of appellant's motion for judgment n. o. v., the evidence, together with all reasonable inferences therefrom, must be viewed in the light most favorable to the verdict winners. *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973); *Kresovich v. Fitzsimmons*, 439 Pa. 10, 264 A.2d 585 (1970); *Cerino v. Philadelphia*, 435 Pa. 355, 257 A.2d 571 (1969). All conflicts in the evidence, moreover, must be resolved in favor of the prevailing party. *Moyer v. Ford Motor Co.*, 205 Pa.Super. 384, 209 A.2d 43 (1965); *Metts v. Griglak*, 438 Pa. 392, 264 A.2d 684 (1970); *Axilbund v. McAllister*, 407 Pa. 46, 180 A.2d 244 (1962). However, where the evidence is insufficient to sustain a verdict against the losing party, a court will enter judgment n. o. v. in favor of the appellant despite a verdict to the contrary. *Kolb v. Hess*, 227 Pa.Super. 603, 323 A.2d 217 (1974); *Eldridge v. Melcher*, 226 Pa.Super. 381, 313 A.2d 750 (1973).

Appellant was one of several independent contractors employed by the appellee owners to construct a dwelling house. In a general way it can be said that appellant's contract called for it to construct the shell of the house. The owners contracted separately for plastering, for electric and plumbing work, and for sidewalks and landscaping. When the work had progressed sufficiently to permit rough plumbing and electrical wiring, the owners summoned Szumski and his son to do this work. On or about Friday, February 8, 1974, prior to Szumski's arrival, appellant's workmen left the job site, and appellant delivered to the owners the key to the house. On the following Monday, February 11, 1974, Szumski and his son reported to the job site to begin work. When they arrived, they determined to use the front door of the home for access purposes and pulled their truck up to the front porch. The front porch, however, had not been completed and was not covered by

flooring. An open space existed, which was later during the course of construction to be covered by floorboards. The open space was surrounded on three sides by cinder block footings and on the fourth side by the home itself. It had been partially covered by a temporary platform constructed by attaching a piece of plywood to two by fours. The platform rested on the cinder block footings and provided passage across the open porch area to the house. It had been put in place by appellant's workmen during their phase of the construction work. On Monday morning, Szumski and his son walked across the platform with the owner of the house and found it to be safe and firmly secured. They testified that it was a customary practice on construction sites to use platforms of the same or similar type to provide passage for workmen over incomplete construction. Szumski and his son used the platform on numerous occasions while they were working that week and always found it safe. During the week, a representative of appellant visited the site only once for a brief period. Otherwise, Szumski and his son were alone at the construction site.

When they stopped work on the afternoon of Friday, February 15, 1974, the work of loading tools and equipment on their truck began. Szumski and his son each made four or five trips from the house to the truck, with passage being achieved by walking across the platform. Nothing about its appearance suggested that the platform had become loose or unsafe. The son made a final trip to the truck and again observed nothing awry. Approximately two minutes later, while the son was loading equipment on the truck, appellee stepped from the house onto the platform. He testified that it responded like a "teeter totter." The board went directly up and Szumski was thrown into the excavation. A post fall examination disclosed that the platform had become "loose." The evidence does not tell us expressly or by implication what it was that caused the platform to become loose. There is no evidence that the platform had been defectively constructed or secured or that its looseness had been observed prior to Szumski's unfortunate fall.

Section 384 of the Restatement (Second) of Torts provides as follows:

"One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge."

The liability of a possessor of land is defined by Section 343 of the Restatement (Second) of Torts. It is there provided:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

■ Appellant, when it erected a temporary walkway, was required to erect it with due regard for the safety of others. Its employees were under a duty to use reasonable care to construct it safely for those whom appellant had reason to anticipate would naturally and customarily use it during the progress of the work. In this respect, his duty was that of an occupier of land. *Duffy v. Peterson,* 386 Pa. 533, 126 A.2d 413 (1956).

■ The record in the instant case, however, fails to disclose any evidence from which a jury could find that appellant breached a duty which it owed to the plaintiff-appellee or other succeeding workmen on the job. Not only does the evidence fail to disclose that appellant knew or should have discovered that the platform had become loose or unsafe, but it shows affirmatively that appellant could

not possibly have known of the condition which caused Szumski's fall. Throughout the week, while appellant's workmen were absent, Szumski and his son used the platform continuously and exclusively and found it secure and perfectly safe. Just two or three minutes before Szumski fell, his son had used the same platform and found nothing amiss. Thus, all the evidence was that until the very moment of Szumski's fall the platform was secure and had functioned properly and safely.

■ Although negligence may be shown by circumstantial evidence, the circumstances in the instant case do not permit such an inference. Appellant's workmen had left the job site a week prior to plaintiff-appellee's fall. They were not on the site during the week in which the electrical and plumbing work was being done by the Szumskis. During that week the electrical and plumbing contractor worked alone. Moreover, in the absence of evidence that the platform had become loose prior to Szumski's fall, there was no basis for inferring that appellant knew or should have known of the condition in sufficient time to correct the same.

■ Plaintiff did not contend and his evidence did not show that it was negligence to leave the porch space uncovered except for the temporary platform. There also was no evidence that the temporary platform had been defectively constructed or put in place. Plaintiff-appellee's evidence showed that it was customary during construction to use temporary platforms of the type used by appellant to provide passage for workmen. Indeed, the instant platform was not shown to have deviated in any way from those used and approved according to standard practices in the construction industry. The temporary platform installed by appellant, therefore, does not support an inference of negligence. Cf. *McKenzie v. Cost Brothers, Inc.*, 260 Pa.Super. 295, 394 A.2d 559 (1978).

■ In the absence of evidence from which a jury by reasoned deliberation could find that appellant had been

negligent, there can be no recovery in this action. Section 343 of the Restatement does not make an occupier of land or one standing in the same position an insurer of the safety of those coming upon the premises. *McAdoo v. Autenreith's Dollar Stores*, 379 Pa. 387, 109 A.2d 156 (1954).

The cases relied upon by plaintiff-appellee are not apposite. In *Stringert v. Lastik Products Co., Inc.*, 397 Pa. 503, 155 A.2d 625 (1959), the negligence was obvious, being an open, unguarded hole in a roof, into which plaintiff stepped and fell. Similarly, in *Bowman v. Fretts & Leeper Construction Co.*, 227 Pa.Super. 347, 322 A.2d 719 (1974), defendant's negligence was shown to be an uncovered hole in a second story floor. In *Bitting v. Wolfe*, 368 Pa. 167, 82 A.2d 21 (1951), a contractor had erected a walkway in which the planks had not been fastened together so that when plaintiff stepped on them they separated.

In the instant case the open porch space had been covered to provide passage according to customary practices in the construction industry. The only cause shown for the "teeter totter" effect of the platform was that the platform had become "loose." Plaintiff-appellee's own evidence demonstrates, however, that despite his continuous, week-long use of the platform there was no looseness or any suggestion thereof prior to the very moment of his fall.

The facts of this case are more nearly akin to those in *Winkler v. Seven Springs Farm*, 240 Pa.Super. 641, 359 A.2d 440 (1976). The plaintiff in that case was injured when she fell while attempting to open a screen door which had become stuck for reasons not proven by the evidence. There, as here, the evidence affirmatively showed that other persons had used the screen door without difficulty until moments before the plaintiff's fall. This Court concluded the "appellee plaintiff  .  .  .  failed to prove more than the mere happening of an accident  .  .  .. The conclusion that appellant was negligent  .  .  .  could only be based on speculation unsupported by evidence."

Similarly in the instant case, there is no basis other than speculation for determining the cause of the platform's

looseness. Much less did the evidence establish that it had been caused by appellant's negligence.

The judgment is reversed and is now entered in favor of appellant.