James O'DONNELL & Linda O'Donnell, Appellants

v.

R.M. SHOEMAKER & CO. and Fluidics, Inc. and Jerome Penn, Appellees.

Superior Court of Pennsylvania.

Argued April 2, 2002.
Filed Feb. 3, 2003.

---

James A. Hamilton, Philadelphia, for appellants.

Thomas E. Butler, Philadelphia, for appellees.

Before: McEWEN, P.J.E., STEVENS, J., and OLSZEWSKI, J.

STEVENS, J.

¶ 1 At issue in this case is whether an injured worker may recover in tort from an employee of the injured worker's statutory employer or whether such recovery is limited to benefits under the Pennsylvania Workers' Compensation Act (Act), 77 P.S. §§ 1–2626. In granting a motion for summary judgment in favor of Appellees R.M. Shoemaker & Company, Fluidics, Inc. (hereinafter Fluidics), and Jerome Penn, the trial court concluded that James and Linda O'Donnells' sole remedy was limited to the Act. On appeal, the O'Donnells do not dispute that recovery for James O'Donnell's injuries as to R.M. Shoemaker & Company and Fluidics is limited exclusively to the Act since such parties were Mr. O'Donnell's statutory employers. *See* 77 P.S. § 52. However, the O'Donnells contend that the trial court erred in entering summary judgment as to Mr. Penn since he was not in the "same employ" as Mr. O'Donnell and Mr. Penn was not a statutory co-employee. We affirm.

¶ 2 "In our review of a case decided on summary judgment, a trial court's order granting summary judgment will not be reversed unless it is established that the court committed an error of law or clearly abused its discretion." *Bowe v. Allied Signal, Inc.*, 806 A.2d 435, 438–439 (Pa.Super.2002) (citation omitted). Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, summary judgment shall be rendered whenever (1) there is no genuine issue of material fact which could be established by additional evidence or expert report, or (2) if, after the completion of

discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action. We must examine the entire record in the light most favorable to the nonmoving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. *Bowe, supra.*

¶ 3 In the case *sub judice*, the material facts and procedural history are not in dispute and are as follows: James O'Donnell was employed by Len Parker Associates, Inc.[1] as a master steam fitter when he was working on a job site at One Parkway Building in Philadelphia. R.M. Shoemaker & Company was the general contractor for the job, and Fluidics was the subcontractor. Fluidics subcontracted some of its work to Len Parker Associates, Inc.

¶ 4 On November 28, 1997, Mr. O'Donnell, James Parramore, and Mr. Penn, an employee of Fluidics, were carrying a twenty-one foot, three hundred pound steel pipe when the pipe was prematurely dropped. The pipe pinned Mr. Parramore against one of the walls, thereby causing a life-threatening situation. Mr. O'Donnell quickly lifted the pipe off of Mr. Parramore, sustaining, *inter alia*, a herniated disc.

¶ 5 On November 5, 1999, the O'Donnells filed a complaint alleging that Mr. Penn was negligent in dropping the pipe. Accordingly, the O'Donnells sought damages from Mr. Penn, Fluidics, and R.H. Shoemaker & Company.[2] Appellees filed answers with new matter, and on July 1,

---

1. Mr. O'Donnell filed a claim under the Act. Following a hearing on the matter, the Bureau of Workers' Compensation concluded that Len Parker Associates, Inc. was Mr. O'Donnell's employer at the time of the injuries at issue.

2. Linda O'Donnell sought relief for loss of consortium.

2001, Appellees filed a motion for summary judgment. In the motion, Appellees argued that the Act provided the exclusive remedy for Mr. O'Donnell's injuries and Mrs. O'Donnell's loss of consortium. The trial court granted summary judgment in favor of Appellees, and the O'Donnells filed a timely appeal to this Court. The trial court filed an opinion supporting its order of summary judgment.

¶ 6 The O'Donnells contend that Mr. O'Donnell and Mr. Penn were not in the same employ under Section 72 of the Act since Mr. O'Donnell was an employee of Len Parker Associates, Inc. and Mr. Penn was an employee of Fluidics. Intertwined in this contention is the O'Donnells' claim that Section 52 of the Act does not require a finding that Mr. O'Donnell was in the same employ as Mr. Penn merely because Fluidics was Mr. O'Donnell's statutory employer.

> Where an employee's injury is compensable under the Act, the compensation provided by the [workers' compensation] statute is the employee's exclusive remedy against his or her employer. Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act. Where an employee's injury is compensable, the exclusivity provision of the Act immunizes fellow employees from liability for their negligence.

*Albright v. Fagan,* 448 Pa.Super. 395, 671 A.2d 760, 762 (1996) (citation, quotations, and quotation marks omitted). As Section 72 of the Act provides:

> If disability or death is compensable under this Act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed except for intentional wrong.

77 P.S. § 72.

> What emerges from a careful analysis of . . . Section 72 of the Act is the inescapable . . . conclusion that a co-employee who is injured in the course of employment cannot hold another co-employee liable for injuries occasioned by his or her act or omission (negligence); rather such co-employee can only be held liable for injuries resulting from intentional acts.[3]

*Gardner v. Erie Insurance Co.,* 456 Pa.Super. 563, 691 A.2d 459, 463–464 (1997), *affirmed,* 555 Pa. 59, 722 A.2d 1041 (1999) (emphasis omitted).

¶ 7 Section 52 of the Act, which discusses an employer's liability to an employee's employee, provides:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employees or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee.

77 P.S. § 52.

¶ 8 A statutory employer is a master who is not a contractual or common-law one, but is made one by the Act. *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 153 A. 424 (1930). "Although not apparent from its express terms, the lan-

---

**3.** There is no doubt that the acts at issue in the case *sub judice* were not intentional. Also, Mr. O'Donnell's injuries were sustained during the course of his employment. *Abbott v. Anchor Glass Container, Corp.,* 758 A.2d 1219 (Pa.Super.2000).

guage from Section [52] stating that the statutory employer shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee confers upon the statutory employer immunity from the suit." *Peck v. Delaware Co. Board of Prison Inspectors,* — Pa. ——, 814 A.2d 185, 188 (2002) (Newman, J., plurality).[4] By placing the statutory employer in the same position as the contractual or common-law employer of the injured worker, Section 52 entitles the statutory employer to the same immunity from suit that would be enjoyed by the contractual or common-law employer. Control over the work site is an important element in determining whether an employer may set forth the defense of a "statutory employer," thereby barring a plaintiff from pursuing a suit for negligence against the employer. *Kenney v. Jeanes Hospital* 769 A.2d 492 (Pa.Super.2001).

¶ 9 Based on the language of Section 52, the O'Donnells do not dispute that Fluidics, who employed Jerome Penn, and R.M. Shoemaker & Co., who was the general contractor, were Mr. O'Donnell's statutory employers, and, therefore, immune from a tort action. At issue is whether Mr. Penn was immune from a tort action under the Act.

█ ¶ 10 We agree with the trial court's conclusion that Mr. Penn was a co-employee of Mr. O'Donnell's for purposes of the Act's exclusivity provisions. The clear intent of the Act is to provide the sole and exclusive means of recovery for injuries occurring within the scope of employment. 77 P.S. § 1. The Act makes it clear that an employer is liable under the Act for the negligence of its employees. 77 P.S. § 51.

That being so, Fluidics would be liable for the negligence of its employees, including Mr. Penn. It is unreasonable to conclude that Fluidics would be immune from tort liability as to Mr. O'Donnell, but that Fluidics's employees, for whom Fluidics is responsible, are not so immune. Stated another way, as master of Mr. Penn, Fluidics would be held liable for Mr. Penn's negligent conduct under the concept of *respondeat superior.* 77 P.S. § 1. Since Mr. O'Donnell cannot maintain a tort action against his statutory employer, Fluidics, it is unreasonable to conclude that he can maintain such an action against the statutory employer's employee, Mr. Penn.

¶ 11 Moreover, we conclude that, based on the Act as a whole, it is illogical to segregate two employees on the construction site at issue merely because one was paid by Len Parker Associates, Inc. and the other was paid by Fluidics. Once each passed the perimeter and arrived at work, whoever may have sent them to their place of employment becomes immaterial, since each was equally subordinate to the on-the-job control of the general contractor. It is clear that Mr. O'Donnell and Mr. Penn worked side-by-side toward the same endeavor. The "intent behind the doctrine of statutory employer is to hold a general contractor secondarily liable for injuries to the employees of a subcontractor, where the subcontractor primarily liable has failed to secure benefits with insurance or self-insurance." *Dougherty v. Conduit & Foundation, Corp.,* 449 Pa.Super. 405, 674 A.2d 262, 265 (1996) (quotation omitted). As such, for purposes of the Act, we conclude that Mr. O'Donnell and Mr. Penn were in the "same employ," and Mr. O'Donnell's exclusive remedy for his inju-

4. Although we are not bound by the Supreme Court's plurality decisions, we find *Peck* to be

ries are provided for under the Act.[5]

¶ 12 Affirmed.

**5.** The O'Donnells contend that the trial court's use of the term "statutory co-employee" is improper since the Act provides for no such relationship. Regardless of the term used to describe the situation in this case, we conclude that the trial court's analysis is supported by the Act.