## Thomas v. Aethos Construction Company

C.P. of Allegheny County, no. GD 02-2629.

*Craig R. McKay,* for plaintiff.
*James F. Rosenberg,* for defendants Giant Eagle and Aethos Construction Company.
*George P. Kachulis,* for additional defendant Miller Electric Company.

BALDWIN, *J.,* March 22, 2004—Plaintiff Raymond Thomas appeals and defendant Aethos Construction

Company (Aetos)[1] cross-appeals the judgment entered in this negligence action in favor of Aetos.

On February 18, 2000, plaintiff Thomas was working on the night shift as an electrician at the West View Giant Eagle supermarket when he slipped and fell on a ramp while exiting the work site after a snow fall. At the time, Thomas was employed by Miller Electric Construction Company Inc., a subcontractor of defendant Aetos. As a consequence of the fall, Thomas suffered a fractured ankle and related injuries. Thereafter, Thomas filed this lawsuit, generally claiming that defendants were negligent in connection with the design, construction and maintenance of the ramp and in failing to warn and protect Thomas. This case was tried by jury as to defendant Aetos only. The jury found in favor of Thomas and against Aetos; however, after consideration of defendant's post-trial motion, this court directed judgment in favor of Aetos based on Aetos' argument that it was immune to tort liability in this case because it was a statutory employer of Thomas. This appeal followed.

In his statement of matters complained of on appeal, plaintiff argues that this court erred in granting defendant's motion for post-trial relief based on the statutory employer defense. "A statutory employer is a master who is not a contractual or common-law one, but is made one by the [Workers' Compensation Act, 77 P.S. §§1-2626]." *O'Donnell v. R.M. Shoemaker & Co.,* 816 A.2d 1159, 1162 (Pa. Super. 2003). The following section of the Act sets forth the nature and liability of a statutory employer:

---

1. Defendant spells its name as "Aetos" Construction Company.

"Employers' liability to employee of employee or contractor permitted to enter upon premises.

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee." 77 P.S. §52.

"Although not apparent from its express terms, the language from section [52] stating that the statutory employer shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee confers upon the statutory employer immunity from suit." *O'Donnell,* 816 A.2d at 1162-63 (quoting *Peck v. Delaware Co. Board of Prison Inspectors,* 572 Pa. 249, 254, 814 A.2d 185, 188 (2002) (Newman, J., plurality)).

In construing this section, Pennsylvania courts have set forth the following elements that a general contractor must demonstrate to prove its status as a statutory employer:

"(1) An employer who is under contract with an owner or one in the position of an owner.

"(2) Premises occupied by or under the control of such employer.

"(3) A subcontract made by such employer.

"(4) Part of the employer's regular business entrusted to such subcontractor.

"(5) An employee of such subcontractor." *Emery v. Leavesly McCollum,* 725 A.2d 807, 810 (Pa. Super. 1999) (quoting *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 294, 153 A. 424, 426 (1930)).

"These criteria should be applied strictly . . . ." *Cox v. Turner Construction Company,* 373 Pa. Super. 214, 223, 540 A.2d 944, 948 (1988).

Plaintiff argues that defendant waived and/or abandoned the statutory employer defense. Although Aetos claimed its status as a general contractor and raised the statutory employer defense in its complaint, this court agrees that Aetos made no mention of this defense as the case progressed. Aetos did not raise the defense by way of a motion for summary judgment, Aetos did not mention this defense in pretrial conferences or even during its opening argument during the trial of the case. Instead, Aetos defended this case at trial by contesting plaintiff's claim of negligence on the merits. For this reason, this court denied Aetos' motion for a compulsory nonsuit at trial.

This issue was raised again by post-trial motion. At that time, a review of the transcript revealed that while Aetos for some reason never articulated to the court prior to moving for a compulsory nonsuit at trial that it was pursuing the statutory employer defense, Aetos in fact put forth sufficient evidence, as a matter of law, to prove that it was a statutory employer.

Aetos provided testimony that it was a general contractor and employer hired under contract with an owner, Giant Eagle, through the testimony of William Sommers, a field superintendent for Aetos. (Trial Transcript at 183.) Thomas testified that Aetos was the general contractor

and in charge of the work site, that Aetos hired Miller to work as a subcontractor and that as far as he knew, Miller received work assignments from Aetos. (TT at 30, 51-53.) Sommers testified that Aetos had control of the work site, *i.e.,* that Aetos decided the order and time of work and provided instruction to the subcontractors. (TT at 184.) There was testimony that Miller was hired to do the electrical work for the remodeling job which was part of the work that Aetos had contracted to do for Giant Eagle. (TT at 30, 52, 177.) There was testimony that Thomas was an employee of Miller. (TT at 30.) Although the above testimony was conclusory, it was not challenged by plaintiff at trial. Thus, in light of this testimony, it was not an error for this court to rule as a matter of law on post-trial motions that judgment must be entered against plaintiff and in favor of Aetos due to Aetos' status as a statutory employer.

By its appeal, Aetos argues that this court erred in failing to direct the entry of judgment in its favor based on the "hills and ridges" doctrine. The hills and ridges doctrine provides that an owner or occupier of land is not liable for general slippery conditions on one's walks caused by ice and snow. *Heasley v. Lumber,* no. 183 WDA 2003, 2004 WL 351791 (Pa. Super. February 26, 2004); *Wentz v. Pennswood Apartments,* 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986). Citing *Biernacki v. Presque Isle Condominiums Unit Owners Ass'n Inc.,* 828 A.2d 1114 (Pa. Super. 2003), Aetos argued that it was not negligent under the hills and ridges doctrine because plaintiff failed to prove the following elements at trial: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to un-

reasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Id.* at 1117.

In *Biernacki,* the court affirmed a grant of summary judgment in favor of a landlord in a negligence suit brought by a tenant who slipped and fell at 7:45 a.m. in the parking lot of the condominium where the tenant lived due to snow that had fallen during the night. Applying the above test, the court in *Biernacki* held as a matter of law that "[i]t was not reasonable for the snow and ice in the parking lot, that had begun to fall sometime the night before, to be removed by 7:45 a.m. the following morning, particularly in light of the fact that Biernacki fell in snow that had accumulated between the parked cars." *Id.*

This court disagrees that the *Biernacki* decision requires a similar holding under the facts of this case. In this case, at issue is an artificial condition, a plywood ramp, that was constructed by Aetos and utilized by workers both day and night. Restatement (Second) of Torts §384 (liability of persons creating artificial conditions on land on behalf of possessor for physical harm caused while work remains in their charge) sets forth the standard to be applied in such circumstance:

"One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and

outside of the land by the dangerous character of the structure or other condition while the work is in his charge."

Section 343 of the Restatement (Second) of Torts (dangerous conditions known to or discoverable by possessor) defines the liability of a possessor of land:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

See *Bitting v. Wolfe,* 368 Pa. 167, 82 A.2d 21 (1951) (setting forth the standard owed by a contractor to a worker on the premises); *Szumski v. Lehman Homes Inc.,* 267 Pa. Super. 478, 406 A.2d 1142 (1979) (applying sections 343 and 384 of the Restatement (Second) of Torts in evaluating the standard of care owed by a contractor who created a temporary platform on a construction site).

The hills and ridges doctrine is not inconsistent with the above Restatement sections. See *Wentz,* 359 Pa. Super. at 5, 518 A.2d at 316. Its purpose is simply to recognize that it would be an "impossible burden" to require that walkways always be free of ice and snow. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 458, 219 A.2d 676, 678 (1966). The cases cited by Aetos in support of the hills and ridges doctrine focus on whether climatic

conditions made a sidewalk or parking lot dangerous. However, the doctrine is not applicable in this case because at issue is an artificial surface covered in snow and ice that was utilized day and night on a work site and not the sidewalks and parking lots that we all must encounter after a snowfall. The question at trial was whether the ramp as an artificial condition was constructed and maintained within the standard of care, in light of its purpose and use and its exposure to the elements. Contrast *Szumski, supra.* (holding that a contractor was not negligent as a matter of law for the construction of a platform when there was no advance notice that the platform would suddenly fail, when plaintiff did not contend that the platform was unnecessary or that it was not constructed in accordance with the standard practices of the industry). Thus, Aetos was not entitled to a specific jury charge on the hills and ridges doctrine.

Accordingly and for the reasons stated herein, the judgment against plaintiff and in favor of defendant should be affirmed.