**[J-14-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| JOHN BROWN, | : | No. 22 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered December 7, |
| | : | 2023, at No. 1132 WDA 2021, |
| v. | : | reversing and remanding the Order |
| | : | of the Court of Common Pleas |
| | : | Allegheny County Civil Division |
| GEORGE GAYDOS, AN INDIVIDUAL, | : | entered April 16, 2021, at No. GD |
| T/D/B/A GAYDOS CONSTRUCTION, | : | 18-006991. |
| | : | |
| Appellant | : | ARGUED:  April 8, 2025 |

## OPINION

**JUSTICE MUNDY**                                              **DECIDED:  FEBRUARY 18, 2026**

We granted allowance of appeal to consider whether the Superior Court properly reversed the trial court's grant of summary judgment in favor of Appellant George Gaydos, an individual t/d/b/a Gaydos Construction (Gaydos) based on Section 205 of the Workers' Compensation Act (WCA),[1] 77 P.S. § 72, which provides for co-employee immunity as follows:

> If disability or death is compensable under this act, a person
> shall not be liable to anyone at common law or otherwise on
> account of such disability or death for any act or omission

---

[1] Act of June 2, 1915, P.L. 735, *as amended*, 77 P.S. § 1-1041.1, 2051-2626.  The WCA contains section numbers that are the official citation to the WCA.  These section numbers are distinct from the section numbers in Purdon's Pennsylvania Statutes, an unofficial codification of Pennsylvania law.  Section 205 of the WCA is a citation to the Act, and 77 P.S. § 72 is a citation to the same section in Purdon's Pennsylvania Statutes.  For clarity, we will refer to Section 205 of the WCA by its Purdon's citation, *i.e.*, "Section 72."

occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. § 72. Because we conclude summary judgment was improper due to a genuine issue of material fact regarding whether Gaydos's allegedly negligent acts or omissions occurred while he was in the same employ as Appellee John Brown, we affirm the order of the Superior Court and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 1, 2016, Brown, while on his first day of employment with American Concrete Solutions, Inc. (ACS), was injured on an ACS job site. Complaint, 5/31/18, at ¶ 6. The accident occurred when Brown attempted to enter a skid loader, a construction vehicle with "the appearance of a small bulldozer. The operator can only enter the cab, where the controls are located, from the front after stepping over the bucket/shovel." Trial Ct. Op., 7/13/21, at 2 n.1; *see also* Complaint, 5/31/18, at ¶ 9. As Brown attempted to enter the skid loader, the skid loader's hydraulic arm caught his body, crushing him between the top of the cab and the arm of the bucket, and then Brown dropped to the ground. Complaint, 5/31/18, at ¶ 10. Brown suffered numerous severe injuries in the accident. *Id.* at ¶¶ 35-38.

ACS is owned by Gaydos and his cousin, Mark Raymond, subject to a partnership agreement. Before forming ACS, Gaydos operated a sole proprietorship under the name Gaydos Construction. For his sole proprietorship, Gaydos had acquired a variety of construction equipment, including the skid loader. After forming ACS, Gaydos continued to individually own and insure the skid loader and other equipment. He and Raymond, who also owned construction equipment, agreed they would provide their individually owned equipment to ACS as needed, and ACS would not own or pay for the use of the equipment.

On the day of Brown's injury, Gaydos had been present at the ACS job site in the morning but left to go pay a vendor on behalf of ACS before Brown arrived. Gaydos was also not present on the ACS job site at the time of Brown's accident involving his skid loader.

Brown filed a claim for workers' compensation against ACS, which was not contested, and he received workers' compensation benefits from ACS. Then, on May 31, 2018, Brown filed a civil action against Gaydos for negligence in, among other acts, maintaining the skid loader and failing to train and supervise the ACS employees operating it. Complaint, 5/31/18, at ¶ 30. Gaydos filed a motion for summary judgment asserting the WCA provided him immunity from civil suit as either Brown's employer[2] or co-employee. Brown filed a cross-motion for summary judgment arguing Gaydos was not his employer.

The trial court initially denied both motions for summary judgment, but upon reconsideration, granted Gaydos's motion. In its July 13, 2021 opinion, the trial court explained that it found Gaydos was immune under the WCA because he, as an owner of ACS, was Brown's employer, and, alternately, he was Brown's co-employee. Trial Ct. Op., 7/13/21, at 5. After procedural clarifications, Brown appealed to the Superior Court.

In a 6-2 *en banc* opinion, the Superior Court reversed the trial court and remanded for further proceedings.[3] *Brown v. Gaydos*, 306 A.3d 883, 895 (Pa. Super. 2023) (en

---

[2] "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . entitled to damages in any action at law or otherwise on account of any injury or death as defined in section [411(a)]." 77 P.S. § 481.

[3] The three-judge panel of the Superior Court that first heard the appeal unanimously concluded there was a genuine issue of material fact whether Gaydos was Brown's employer under Section 481. However, the panel divided on the question of whether there was a genuine issue of material fact on co-employee immunity under Section 72, with the majority affirming the trial court's conclusion that co-employee immunity applied. The Superior Court granted Brown's request for *en banc* review of the issue of co-employee immunity.

banc). The majority opinion, authored by then-Judge, now-Justice McCaffery, noted that reversal of a grant of summary judgment is warranted only when the trial court commits an error of law or abuse of discretion. Further, the court explained a trial court may grant summary judgment only when, upon viewing the facts and all reasonable inferences in a light most favorable to the non-moving party, the record clearly contains no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.

As relevant background to the co-employee immunity issue, which is the only issue we accepted for review,[4] the Superior Court indicated that the WCA requires employers to pay workers' compensation benefits to employees who are injured at work regardless of negligence, *i.e.*, the "Grand Bargain." *Id.* at 887; *see also Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1180-83 (detailing the Grand Bargain underlying the WCA). The court further opined that "the WCA provides immunity [from civil liability] to a co-employee whose negligent actions caused the claimant's injuries, so long as the injury occurred while the co-employee was 'in the same employ' as the injured claimant." *Brown*, 306 A.3d at 888 (quoting 77 P.S. § 72; citing *Apple v. Reichert*, 278 A.2d 482, 485 (Pa. 1971)). Additionally, the court found "the term 'co-employee' includes managers, executives, and even those who have an ownership interest in the employer." *Id.* (citing 77 P.S. § 22; *Jadosh v. Goeringer*, 275 A.2d 58, 59-60 (Pa. 1971)).

Analyzing Section 72's co-employee immunity provision, the Superior Court first concluded that, pursuant to this Court's decision in *Apple*, immunity applies only when "at

---

[4] Before addressing the co-employee immunity issue, the Superior Court determined Gaydos was not entitled to summary judgment on the alternative basis that he was immune as Brown's employer. *Brown*, 306 A.3d at 890. On this issue, the court explained that, "[i]n light of the fact that Gaydos did not directly employ Brown and did not exert exclusive control over ACS, . . . there remain[ed] a genuine issue of material fact as to whether Gaydos was Brown's 'master' under the WCA." *Id.* (citing 77 P.S. § 21). Accordingly, it reversed the trial court order granting summary judgment and remanded for further proceedings. As this issue is not before us, we do not discuss it further.

the time of the defendant's negligent act, both parties were not only working for the same employer[], but also performing acts in furtherance of their duties . . . in a manner approved by their employer[.]" *Id.* at 893.[5] It explained that in *Apple*, the plaintiff and defendant, two teachers employed by the same school district, met their classes to take attendance in one school building and were traveling together in the defendant's car to a second school building when they were involved in a car accident injuring the plaintiff. *Id.* at 892-93 (citing *Apple*, 278 A.2d at 483). The plaintiff, who received workers' compensation benefits from the school board, subsequently filed a civil action against the defendant. *Id.* at 893. The trial court granted nonsuit in favor of the defendant, finding Section 72's co-employee immunity applied because the parties were acting within the scope and course of their employer's business at the time of the defendant's alleged negligence. *Id.* On appeal, this Court rejected the plaintiff's argument that co-employee immunity applied only to acts in the "scope of employment" and did not apply to acts within the "course of employment." *Id.* The *Apple* Court explained the plain language of Section 72 did not draw such a distinction and instead used only the phrase "in the same employ:"

> [V]iewing the evidence here, we entertain no doubt whatsoever that the injuries in this case were caused while the appellant and appellee were 'in the same employ'. Both parties were proceeding from one place of employment to another during their working day, acting in furtherance of their

---

[5] Although the Superior Court ultimately relied on *Apple* for this principle, it first discussed its prior decisions in *Bell v. Kater*, 943 A.2d 293 (Pa. Super. 2008), and *Fern v. Ussler*, 630 A.2d 896 (Pa. Super. 1993) (plurality), *appeal granted*, 652 A.2d 1326 (Pa. 1994) (granting allocatur but no subsequent history of the appeal's outcome). The court explained the *Bell* Court found the defendant waived the Section 72 defense of co-employee immunity, but nonetheless stated that for Section 72 to apply the negligent act or omission must occur while both employees are acting within the scope and course of their employment duties. *Brown*, 306 A.3d at 892. The court also noted that *Bell* cited *Fern* for the scope and course of employment language, but the "precedential value of [*Fern*] is debatable" because it was a plurality decision. *Id.* Despite the limited precedential value of *Bell* and *Fern*, the Superior Court noted those cases relied on *Apple* and proceeded to discuss *Apple* as summarized herein. *Id.*

duties at the time, and in a manner approved by their employer. **Since the language of the statutory provision sets up a clear and simple test—'the same employ'—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the legislature.**

*Apple*, 278 A.2d at 484 (emphasis added). Accordingly, the Superior Court in this case concluded *Apple* stood for the proposition that Section 72's co-employee immunity applies when the parties, working for the same employer, were performing acts in furtherance of their duties at the time of the negligent act. *Brown*, 306 A.3d at 893.

Applying *Apple* to this case, the Superior Court found "there is a genuine issue of material fact as to whether Gaydos was acting within 'the same employ' as Brown—that is, acting in furtherance of his duties as an employee/co-owner of ACS and in a manner approved by ACS—at the time of Brown's injury." *Id.* The court proceeded to highlight several disputed material facts that it found precluded summary judgment. First, Gaydos operated a sole proprietorship that independently owned, insured, and performed maintenance on the skid loader. *Id.* In fact, the court explained, Gaydos merely loaned the skid loader to ACS as needed and instructed ACS employees that he was to be its sole operator. *Id.* at 894. Second, the Superior Court found the record did not support Gaydos's claim that the skid loader was on the ACS job site the morning of Brown's injury for that job because Gaydos's deposition testimony did not specify the purpose for which the skid loader was onsite, and an equally reasonable inference could be drawn that Gaydos did not intend to use the skid loader that day because he left the job site and explained there was other work ACS employees could perform in his absence. *Id.* Third, the court emphasized that Brown sued Gaydos based on Gaydos's personal negligence in maintaining the skid loader, including his failure to warn Brown that the skid loader's safety mechanisms were not working, and Brown did not sue Gaydos in his capacity as Brown's employer or co-employee. *Id.* at 894-95. For these reasons, the Superior Court

concluded that whether Gaydos was acting "'in the course of [his] performance of duties for the employer[,]' ACS, is a genuine issue of material fact" and the trial court erred in granting summary judgment based on Section 72's co-employee immunity provision. *Id.* at 895 (quoting *Bell v. Kater*, 943 A.2d 293, 298 (Pa. Super. (2008)).

Judge Stabile filed a dissenting opinion, joined by Judge Olson. *Id.* (Stabile, J., dissenting). Contrary to the majority, Judge Stabile opined that the dispositive inquiry under Section 72 was whether Gaydos and Brown were "in the same employ" at the time of the accident. *Id.* (quoting 77 P.S. § 72). Because he concluded they were, he opined that Gaydos is immune from Brown's negligence suit under Section 72. *Id.* at 896.

To support this position, Judge Stabile relied on the *Apple* Court's final sentence that Section 72 protects "all co-employees in all situations where negligent conduct of one employe may cause injury to a fellow employ[.]" *Id.* (quoting *Apple*, 278 A.2d at 485). As both Brown and Gaydos were acting in furtherance of their duties for ACS, Judge Stabile found this case falls squarely within Section 72 under *Apple*. Additionally, Judge Stabile remarked that all the facts discussed by the Majority had "no bearing on whether Gaydos and Brown were in the same employ under [Section] 72 as construed by *Apple*." *Id.* at 898. In his view, "[t]he point is that Brown's WCA-compensable injury happened at an ACS jobsite when Brown and Gaydos were co-employees of ACS. Section 72 protects all co-employees in such situations." *Id.* Accordingly, Judge Stabile advocated affirming the trial court's judgment on co-employee immunity. *Id.* at 899.

## II. ISSUE AND STANDARD OF REVIEW

Gaydos filed a petition for allowance of appeal to this Court and we granted review, limited to the following issue:

> Where the record is clear that the plaintiff and defendant were employed by the same company and the plaintiff's injury was compensable under the Worker's Compensation Act, must the court consider whether the defendant was working in the

course of his performance of duties for the employer to determine if the defendant is entitled to immunity as a co-employee?

*Brown v. Gaydos*, 322 A.3d 1286 (Pa. 2024) (per curiam).

As this question arises in the context of a trial court order granting summary judgment, we note "[s]ummary judgment may be entered only when, even after examining the record in the light most favorable to the non-moving party and resolving of all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). "On review, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007). "[T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, our standard of review is de novo; thus, we need not defer to the determinations made by the lower tribunals. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary." *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 195 n.11 (Pa. 2007).

### III.  CO-EMPLOYEE IMMUNITY UNDER SECTION 72

### A.  PARTIES' ARGUMENTS

Gaydos's position is that Section 72 and *Apple* control because the statute provides immunity to co-employees who are "in the same employ" as the injured worker, and the *Apple* Court broadly interpreted "in the same employ" as covering all employees employed by the same employer. Gaydos's Brief at 13. Gaydos emphasizes that the *Apple* Court rejected arguments that the co-employee must be acting in the course and scope of their employment with the injured worker. *Id.* at 18. Further, Gaydos notes that the legislature has not amended Section 72 since *Apple* was decided in 1971, which implicates the doctrine of "legislative acquiescence," *i.e.,* that legislative inaction following

a court's interpretation of a statute creates a presumption that the court's interpretation was correct. *Id.* at 40. In this case, Gaydos maintains that the undisputed facts showed: (1) Gaydos and Brown were employed by the same employer; and (2) Brown received workers' compensation benefits as a result of the accident. These two facts alone, in Gaydos's view, trigger immunity under Section 72 and *Apple*. *Id.* at 14.

Along these lines, Gaydos proceeds to criticize the Superior Court for narrowly interpreting the phrase "in the same employ" and interjecting an additional requirement that the defendant co-employee was acting within the "course and scope of employment" for immunity to apply. *Id.* at 29. Gaydos argues the "course and scope" requirement is not delineated in Section 72 and reading it into the statute conflicts with *Apple*. *Id.* Additionally, Gaydos notes the *Apple* interpretation of "in the same employ" has been cited in numerous co-employee immunity cases. Gaydos's Br. at 19-22 (discussing *Gardner v. Erie Ins. Co.*, 722 A.2d 1041 (Pa. 1999); *Ducjai v. Dennis*, 656 A.2d 102 (Pa. 1995); *Evans v. Hostetter*, 293 A.3d 623 (Pa. Super. 2023) (non-precedential); *O'Donnell v. R.M. Shoemaker & Co.*, 816 A.2d 1159 (Pa. Super. 2003); *Albright v. Fagan*, 671 A.2d 760 (Pa. Super. 1996); *Babich v. Pavich*, 411 A.2d 218 (Pa. Super. 1979)).

Here, Gaydos asserts the Superior Court was bound to follow *Apple*, but the court instead ignored that and imposed additional requirements to trigger immunity, which was error. To reach its result, Gaydos accuses the Superior Court of relying on *Bell* and *Fern*, which he emphasizes are not precedential and conflict with *Apple*. *Id.* at 24. For example, Gaydos explains, *Bell* relied on waiver to dismiss the co-employee immunity claim and then summarily held that immunity applies only when the co-employees were acting within the course and scope of their employment. *Id.* at 25. Gaydos suggests that *Bell*'s discussion of the "course and scope" requirement was *dicta* because the *Bell* Court decided the case on waiver grounds. *Id.* Further, Gaydos notes *Bell*'s discussion of the

"course and scope" requirement relied on *Fern*, which was a plurality opinion that is not precedential. *Id.* at 26. In all, Gaydos argues that *Bell* and *Fern* misconstrue and conflict with *Apple*, reiterating that *Apple* rejected the argument that establishing course and scope is required for immunity. *Id.* at 27.

In sum, Gaydos claims the *Apple* test focuses on the conduct of the workers' compensation claimant because "[t]he only necessary considerations are whether the plaintiff and defendant were employed by the same employer and whether the injury was compensable." *Id.* at 29-30. In this regard, Gaydos insists that the Superior Court erroneously focused on the conduct of the defendant co-employee. *Id.* at 30. Accordingly, he asks us to reverse the Superior Court's judgment and affirm the order of the trial court granting his motion for summary judgment.

In contrast, Brown's argument highlights Section 72's language providing immunity to co-employees for "any act or omission occurring while such person was in the same employ" as the injured worker. *Id.* at 5 (quoting 77 P.S. § 72). Brown claims this plain language alone requires a connection between the defendant co-employee's negligence and their employment duties to trigger immunity. *Id.* Brown refutes Gaydos's reliance on *Apple* by noting that the *Apple* Court interpreted the phrase "in the same employ" within the factual context of both employees acting within the course and scope of their employment when the negligent "act or omission" occurred. *Id.* at 8-9. Brown asserts *Apple* did not address whether co-employee immunity applies to acts outside the course and scope of employment because the facts did not necessitate it. *Id.* at 11-12. Consequently, Brown advocates reading *Apple* and *Bell* to reach the conclusion that the defendant's conduct must have occurred while performing employment-related duties to obtain immunity from civil suit.

In Brown's reading of *Apple*, the decision "rested on the assumption that the co-employee's conduct was intimately tied to the employer's affairs, leaving no occasion to consider the very question posed here: what if the defendant's acts or omissions were wholly personal and unrelated to any employment duties?" Brown's Br. at 10. Brown claims that the *Apple* Court's statement that Section 72 applies "to all co-employees in all situations" was not its holding because the court had already found the defendant was "in the same employ" because she was "acting in furtherance of [her] duties and in a manner approved by [her] employer" at the time of the accident. *Id.* (quoting *Apple*, 278 A.2d at 494). Brown suggests that the "all co-employees in all situations" statement should have read that "co-employees **who are furthering the interests of their employer** are immune at all times." *Id.* at 10-11 (emphasis in original). Stated differently, in Brown's view, the act or omission that caused the harm must have occurred while the defendant was "in the same employ" such that co-employee immunity does not extend to conduct "completely divorced from workplace duties." *Id.* at 11.[6]

Brown contends his interpretation is supported by the plain language of Section 72 "when read as [a] whole, clearly and unambiguously establishes that a co-employee seeking immunity must have been actively working in the same employ as the injured worker **when** that co-employee commits the negligent act or omission." *Id.* at 14-15 (emphasis in original). Section 72, according to Brown, contains two requirements for co-employee immunity: "(1) When the act or omission occurs, the person seeking immunity

[6] Amicus Pennsylvania Association for Justice (PAJ) argues that Section 72's immunity applies only when both the injured worker and the co-employee are acting under the employer's direction and control in the course of employment at the time of the negligent act. PAJ's Brief at 18. Addressing *Apple*, PAJ suggests that its final sentence, "[w]e read the amending Act as clearly phrased to protect all co-employees in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act[,]" is *dicta*. *Id.* at 20-21 (quoting *Apple*, 278 A.2d at 485). Because the defendant in *Apple* was in the course of employment, PAJ believes we should disavow the *dicta* in *Apple* in this case. *Id.* at 23.

(2) has to be in the same employ as the person injured." *Id.* at 15 (citing *Bell*, 943 A.2d at 297). Applied to this case, Brown maintains the Superior Court's decision was correct because "the negligent acts or omissions at issue in this civil action were committed by Gaydos, not when he was in 'the same employ' as Brown, *i.e.*, when employed by ACS, but rather [] when he was acting in a personal capacity as the owner of the skid loader, which was not the property of ACS." *Id.* (emphasis removed).

Although Brown primarily advocates a plain language reading of Section 72, he also argues that the principles of statutory construction support his interpretation if we were to find the statute ambiguous. *Id.* at 15. First, Brown asserts Gaydos's proposed interpretation leads to an absurd result in that it would grant civil immunity to a co-employee who commits an act or omission that has nothing to do with the parties' employment and limit the injured worker's remedy to the WCA. *Id.* at 16. To illustrate, Brown proposes a hypothetical: a nurse working a night shift traveling between two hospital buildings to provide care is injured in a car accident with a "nine to five" employee recklessly driving for personal reasons. *Id.* at 17. Under Gaydos's reading, Brown claims, the nurse would not be able to bring a civil action against the reckless co-employee even though the co-employee's actions have no connection to his employment, which is an absurd result in Brown's view. *Id.* at 18.

Second, Brown argues Gaydos's interpretation does not give effect to the entirety of Section 72 because his reading would be the same if the phrase for "any act or omission occurring" was removed. *Id.* Because Gaydos's interpretation renders that phrase superfluous, Brown argues it is impermissible. *Id.* Third, Brown notes the WCA is remedial, and we should not interpret it to favor the person causing the work injury over the injured worker. *Id.*

Moving on, Brown characterizes *Bell* as the "seminal case" on the parameters of co-employee immunity. *Id.* at 22. Brown acknowledges *Bell* was decided on waiver but notes the court nevertheless proceeded to explain that to obtain immunity under Section 72, "the defendant is required to establish that its act or omission occurred while it was in the same employ as the plaintiff, that is, in the course of her performance of duties for the employer." *Id.* at 23 (quoting *Bell*, 943 A.2d at 297-98). Brown maintains *Bell* and the Superior Court's decision in this case are consistent with *Apple* because *Apple* never approved extending Section 72's co-employee immunity to acts that are not in furtherance of the employer's interests. *Id.* at 24-25. Applying *Bell*, Brown maintains Gaydos's allegedly negligent conduct was independent of his role as an ACS employee because Gaydos's failure to maintain the skid loader was not related to his employment duties with ACS. *Id.* at 26-28. Accordingly, Brown asks us to affirm the Superior Court.

In his reply brief, Gaydos accuses Brown of attempting to rewrite Section 72—after *Apple* decided it was "clear"—which is a legislative function. Gaydos's Reply Brief at 1. Gaydos further asserts Brown's position is based on a misreading of *Apple* because the *Apple* Court rejected the argument that Section 72 applies only where the act or omission occurs within the scope of the defendant co-employee's employment and issued a broad holding that Section 72's test is "the same employ." *Id.* at 3. Gaydos emphasizes that the *Apple* Court determined Section 72 was "clearly phrased." *Id.* (quoting *Apple*, 278 A.2d at 485).

Refuting Brown's argument that Gaydos's purported negligence was independent of his role at ACS, Gaydos contends that "[t]he alleged actionable negligence occurred only when the skid loader was used on the job site resulting in a work-related accident." *Id.* at 13. Further, Gaydos asserts that the focus of this appeal is whether the fact that Gaydos may not have been involved in work-related activities is relevant to Section 72's

co-employee immunity. *Id.* at 13 n.10. In this respect, Gaydos maintains Section 72 reflects a legislative policy choice to enact broad immunity for "all co-employees in all instances where a workplace injury is compensable under the [WCA]." *Id.* at 15. Gaydos emphasizes Section 72 is clear and unambiguous, and this Court should decline Brown's invitation to rewrite the statute. *Id.* at 16.

## B. DISCUSSION

Our resolution of the issue here requires us to address this Court's 1971 holding in *Apple*, particularly the *Apple* Court's concluding sentence that Section 72 is "clearly phrased to protect all co-employees in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the [WCA]." *Apple*, 278 A.2d at 485. Relying on *Apple*, Gaydos argues that Section 72 provides immunity to every co-employee employed by the same employer, seemingly regardless of any consideration for when the negligent act occurred or the time, place, or circumstances of the accident. *See, e.g.*, Gaydos's Brief at 13. We, however, are not compelled to read *Apple* as providing such a broad interpretation of Section 72.

"[I]t is axiomatic that the holding of a judicial decision is to be read against its facts. This precept protects against an unintentional extension of governing principles beyond scenarios to which they rationally relate." *Lance v. Wyeth*, 85 A.3d 434, 453 (Pa. 2014) (citation omitted). The *Apple* Court was confronted with a case in which nonsuit was entered in favor of the defendant based on the trial court's conclusion that Section 72's co-employee immunity provision applied because the parties were acting within the scope and course of their employment at the time of the accident. *Apple*, 278 A.2d at 483. Indeed, in that case, the Court was confronted with the issue of whether to draw a distinction between the course of employment and the scope of employment such that

acts taken outside of the scope of employment, although within the course of employment, did not qualify as "in the same employ" under Section 72. *Id.* at 484. The *Apple* Court concluded there was no doubt that the injuries were caused while the parties were "in the same employ" because "[b]oth parties were proceeding from one place of employment to another during their working day, acting in furtherance of their duties at the time, and in a manner approved by their employer." *Id.* In other words, the *Apple* Court defined "in the same employ" by highlighting facts demonstrating the parties were acting within the course and scope of their employment. *See Salsberg v. Mann*, 310 A.3d 104, 124 (Pa. 2024) (noting "scope of employment" is defined in Section 228 of the Restatement (Second) of Agency as conduct: (a) "of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master . . . ."); *Hoffman v. W.C.A.B. (Westmoreland Hosp.)*, 741 A.2d 1286, 1287 (Pa. 1999) (observing that Section 301(c)(1) of the WCA defines "arising in the course of employment" as including "injuries sustained in furtherance of the business or affairs of the employer, as well as certain other injuries which occur on premises occupied or controlled by the employer, or upon which the employer's business affairs are conducted"). Read against its facts, *Apple* clearly did not interpret "in the same employ" as granting the form of unlimited immunity that Gaydos advocates. Instead, the *Apple* Court found the defendant was acting "in the same employ" as the injured party because she was acting within the course and scope of her employment at the time of the accident. *Apple*, 278 A.2d at 484 n.3 (explaining it "could [] not conclude that appellee was acting outside the scope of her employment at the time of the accident" because the trial court found the parties were acting in the course and scope of their employment).

Our reading of *Apple* is consistent with the cases the *Apple* Court cited as support for its statement that Section 72 "clearly provides that a co-employe is immune from liability for his negligent act resulting in injury to his fellow employe." *Id.* at 483-84. Those cases uniformly held that a co-employee is immune when acting within the course of employment. *See Knauss v. Gaines*, 49 Pa.D.&C.2d 269, 273 (C.P. Lehigh 1970) (holding Section 72 immunity "extends only to employes who were acting in the course of their employment at the time of the negligent act which resulted in injuries to a fellow employe"); *see also Stillwell v. McGrath*, 204 A.2d 385, 387 (N.J. Super. 1964) (finding two fire rescue squad members, although members of different squads, were co-employees because they were engaged in the same mission at the time of accident); *Konitch v. Hartung*, 195 A.2d 649, 652 (N.J. Super. 1963) (concluding the test for "in the same employ" is whether the co-employee was acting in the course of employment); *Groves v. Marvel*, 213 A.2d 853, 855 (Del. 1965) (defining "person in the same employ" as "a person employed by the same employer and acting in the course of his employment at the time of the injury to the co-employee"); *Solomon v. Russo*, 229 N.E.2d 231, 232 (N.Y. App. 1967) (finding immunity applied when "the accident arose out of an incident of plaintiffs' employment"); *Lambiase v. Schechter*, 22 A.D.2d 648, 649 (N.Y. App. 1964) (concluding immunity applied when the defendant was acting in the course of employment). Collectively, these cases support the holding in *Apple*, which, as stated above, was based on a finding that the defendant was immune from civil liability under Section 72 because she was acting in the course and scope of her employment. Notably, while reaching this conclusion, the *Apple* Court counseled against the broad application of "in the same employ" for which Gaydos now advocates.

This conclusion is further supported by the plain language of Section 72. In conducting statutory interpretation, we are guided by the provisions of the Statutory

Construction Act, under which we must give effect to both the legislature's intent and all the statute's provisions. 1 Pa.C.S. § 1921(a). The statute's plain language is the best indication of the legislature's intent, and to determine the statute's plain meaning, we consider its operative language in context and interpret words and phrases according to their common and approved usage. *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 234 A.3d 665, 674 (Pa. 2020). Courts must give effect to a clear and unambiguous statute and cannot disregard the statute's plain meaning to pursue its perceived objectives. *Id.* "Only if the statute is ambiguous, and not explicit, do we resort to other means of discerning legislative intent." *Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.*, 185 A.3d 282, 291 (Pa. 2018); *see also* 1 Pa.C.S. § 1921(c) (listing factors to consider when "the words of a statute are not explicit").

With these principles in mind, we examine the language of Section 72, titled "liability of fellow employe," which provides in full, as set forth above:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. § 72. Broken down to its essence, Section 72 provides a person is immune from civil suit "for any act or omission occurring while such person was in the same employ as the person disabled or killed[.]" *Id.* Significantly, the statute contains a temporal requirement for its grant of immunity in that it provides immunity for any act or omission "occurring while" the allegedly liable person was "in the same employ" as the injured worker. *Id.* This leaves no ambiguity as it relates to the timing of the act or omission forming the basis for the asserted civil liability. Accordingly, pursuant to the plain language of Section 72, to obtain co-employee immunity in a civil negligence lawsuit, the defendant must establish that: (1) the disability or death was compensable under the

WCA; and (2) the act or omission forming the basis of civil liability occurred while the defendant was in the same employ as the injured party.

As an additional point, turning back to the parties' arguments, we do not find Gaydos's interpretation of Section 72 persuasive. As he reads it, co-employee immunity requires only a showing that the injury was compensable under the WCA, and the person claiming immunity and the injured worker were employed by the same employer. *See, e.g.*, Gaydos's Brief at 29-30. In our view, Gaydos's interpretation ignores the temporal requirement in Section 72 that the negligent act or omission "occur[] while" the party invoking immunity was in the same employ as the injured worker. 77 P.S. § 72. We cannot endorse this reading of the statute, as it clearly does not give effect to all the words in Section 72 and renders the "occurring while" language superfluous. *See, e.g.*, *Ball v. Chapman*, 289 A.3d 1, 26-27 (Pa. 2023) (noting the statutory interpretation cannon instructing courts "to construe a statute's language so that effect is given to all its provisions, [and] so that no part will be inoperative or superfluous, void or insignificant.") (brackets in original) (internal quotation marks and citation omitted)). To give effect to the entirety of Section 72, a party seeking co-employee immunity must satisfy not only the "in the same employ" requirement but must also show that the act or omission occurred while the party was in the same employ as the injured worker.

Applying Section 72 to this case, there is a genuine issue of material fact regarding whether the allegedly negligent act or omission occurred while Gaydos was in the same employ as Brown. As noted above, Brown's civil negligence complaint asserted numerous theories for Gaydos's negligence. Complaint, 5/31/18, at ¶ 30. For the purpose of determining whether any of those allegations created a genuine issue of material fact precluding summary judgment on the grounds of co-employee immunity, we focus on the allegations that Gaydos was negligent in "improperly maintaining the subject

skid loader," and in "inspecting and/or reviewing the subject skid loader prior to [Brown's] usage[.]" *Id.* at 30(a), (b). Here, the undisputed facts were that Gaydos personally owned the skid loader and insured it under the name of his sole proprietorship. Gaydos's Deposition, 9/10/20, at 18 (R.R. at 55a). Gaydos acknowledged that he performed maintenance on the skid loader himself, and he stored it on property he owned when it was not in use. *Id.* at 82, 88-89 (R.R. at 119a, 125-26a). On the other hand, ACS did not own, maintain, or insure the skid loader. *Id.* at 42 (R.R. at 79). Nor was there a lease agreement or transfer of money between ACS and Gaydos or ACS and Gaydos Construction for the use of the skid loader. *Id.* at 47 (R.R. at 84a). During proceedings related to Brown's civil suit, Gaydos speculated that the skid loader's seat sensor safety mechanism failed during Brown's accident, and he admitted that he did not frequently check that the sensor was functioning. *Id.* at 77, 84 (R.R. at 114a, 121a). Additionally, he hypothesized that the foot pedal controlling the skid loader's hydraulic arm must have stuck when Brown was entering the machine, a mechanical issue of which he was aware occurred at least twice prior to Brown's accident but did not fix. *Id.* at 80-81, 95 (R.R. 117-18a, 142a). The foregoing presents a genuine issue of material fact regarding whether Gaydos's alleged negligence in maintaining and inspecting the skid loader occurred while he and Brown were in the same employ or whether they occurred in Gaydos's separate and independent role as an individual or as the owner of a sole proprietorship.

Moreover, we find *Apple* to be consistent with our decision here and the plain language of Section 72. As emphasized above, the *Apple* Court did not focus on Section 72's temporal requirement that the act or omission "occur[] while" the parties were in the same employ, nor did it address negligence allegations that may not have occurred while the parties were in the same employ. Our conclusion that the act or omission for which

the defendant seeks Section 72 co-employee immunity must occur while the parties were in the same employ therefore supplements *Apple*'s analysis of the phrase "in the same employ."  As a result, we hold that Section 72 co-employee immunity applies to an act or omission that occurs while the defendant and the injured worker were in the same employ, *i.e.*, acting in the course or scope of their employment.

## IV. CONCLUSION

For these reasons, we conclude there remains genuine issues of material fact related to whether some of Gaydos's allegedly negligent acts or omissions occurred while he was in the same employ as Brown.  Accordingly, we affirm the order of the Superior Court reversing the trial court's order granting summary judgment, and we remand for further proceedings consistent with this opinion.[7]

Chief Justice Todd and Justices Donohue and Dougherty join the opinion.

Justice Brobson files a concurring and dissenting opinion.

Justice Wecht files a dissenting opinion.

Justice McCaffery did not participate in the consideration or decision of this matter.

---

[7] To the extent our analysis differs from that of the Superior Court, which viewed the pertinent inquiry as whether Gaydos and Brown were in the same employ at the time of Brown's injury, we do so based on the unambiguous language of Section 72.  Regardless, "[i]t is well settled that this Court may affirm the decision of the immediate lower court on any basis, without regard to the basis on which the court below relied."  *Shearer v. Naftzinger*, 747 A.2d 859, 861 (Pa. 2000); *see also Toy*, 928 A.2d at 195 n.11.